107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Brandon OZMAN, Plaintifff-Appellant,
v.
NEW YORK STATE POLICE INVESTIGATOR EDWARD MARTINEZ, New York
State Police Trooper Lance Aguiar, and New York
State Police Trooper John Fredericks,
Defendants-Appellees.
 No. 96-7808.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 APPEARING FOR APPELLANT: James I. Meyerson, New York, NY.
 
 
 2
 APPEARING FOR APPELLEE: Gina M. Ciccone, Assistant Attorney General of the State of New York, Albany, NY.
 
 
 3
 Present GRAAFEILAND, LEVAL, Circuit Judges, SQUATRITO, District Judge.[1]
 
 
 4
 Plaintiff-Appellant Brandon Ozman appeals from an order of the United States District Court for the Northern District of New York (Smith, M.J.), denying his motion for a new trial after a jury verdict in favor of defendants. On appeal, Ozman argues that the court used a misleading verdict form and also gave an erroneous instruction in response to a note from the jury requesting clarification of the verdict form.
 
 
 5
 Ozman, an attorney practicing criminal law, brought this action under 42 U.S.C. § 1983, alleging that defendants Edward Martinez, Lance Aguiar, and John Fredericks, members of the New York State Police, subjected him to false arrest, malicious prosecution, and malicious abuse of process in violation of the United States Constitution and New York common law. Ozman claimed that the police officers falsely arrested and maliciously prosecuted him because a number of his clients had been acquitted of charges brought by state police officers working at the their barracks. On consent of the parties, Magistrate Judge Smith presided at a jury trial from April 15, 1996 to April 19, 1996.
 
 
 6
 At trial, the parties presented evidence that defendants stopped Ozman for a traffic infraction, arrested him, and ultimately charged him with disobeying a traffic device, unlawfully using dealer plates, driving while intoxicated, driving while ability impaired by drugs, and criminal possession of a controlled substance in the seventh degree. Those criminal charges were terminated in Ozman's favor. Ozman argued that the defendants lacked probable cause to arrest or prosecute him for the crimes charged.
 
 
 7
 Prior to the close of evidence, the parties submitted proposed jury instructions. Ozman also submitted a proposed verdict form for the jury. This thirteen-page form consisted of 87 questions, many of which were redundant. On the evening of Wednesday April 17, 1996, the Magistrate Judge gave the parties a tentative jury charge and a proposed special verdict form that differed from the one proposed by Ozman. He held an off-the-record charge conference on the next evening, and a formal conference on Friday, April 19, 1996.
 
 
 8
 At the formal conference, Magistrate Judge Smith told the parties that he would give the jury the court's special verdict form, with some modifications. He also said that he had incorporated some of their suggestions into his jury charge. The Magistrate Judge twice asked the parties if they had any objections to the charge or any additional requests. Ozman's attorney made various suggestions, but did not object to the court's verdict form. At the end of this conference, Magistrate Judge Smith specifically asked Ozman's attorney whether there was anything he cared to put on the record. Counsel replied that, "subject to review," he had nothing else to add.
 
 
 9
 Shortly after the jury retired to deliberate, it sent the court a note asking: "Can we separate the three charges consolidated into question 1(b) into three separate subquestions?" Question 1(b) asked whether Ozman had been "falsely arrested for driving while intoxicated, driving while ability impaired (drugs), and criminal possession of a controlled substance in the seventh degree."
 
 
 10
 The court held a conference to determine how to answer the jury's question. Ozman argued that the jury should be allowed to answer separately as to each charged offense because "there could be false arrest for some charges and not for others." Defendants opposed this position, arguing that there was only one arrest, or seizure, and that probable cause for any of the charges would justify that arrest and require a finding in their favor. The Magistrate Judge agreed with the defendants that "this was a single arrest," and advised the jury that it could not separate question 1(b). The jury returned a verdict in defendants' favor.
 
 
 11
 Ozman thereafter moved pursuant to Federal Rules of Civil Procedure 50 and 59 for judgment as a matter of law and/or for a new trial. On the latter motion, he argued that the court erred by failing (1) to use his special verdict form and (2) to instruct the jury that it could separate the charges in question 1(b) of the special verdict form. By order dated June 7, 1996, the court denied these motions.
 
 
 12
 On appeal, Ozman again argues that the Magistrate Judge used a faulty verdict form and gave an improper instruction in response to the jury's question about the form.
 
 
 13
 Federal Rule of Civil Procedure 51 provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51 (emphasis added). Thus, "[f]ailure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection." Lavoie v. Pacific Press & Shear Co., 975 F.2d 48, 55 (2d Cir.1992). As a result, if Ozman did not timely object to the instruction or to the interrogatories, we may reverse "only if the district court committed plain error in its charge and interrogatories." Latsis v. Chandris, Inc., 20 F.3d 45, 49 (2d Cir.1994), aff'd, --- U.S. ----, 115 S.Ct. 2172 (1995).
 
 
 14
 Although Ozman says that he objected to the court's proposed verdict form during the unrecorded charge conference, the record does not show such an objection. As noted above, before delivering its charge and sending the jury to deliberate, the court twice asked if the parties wished to place any objections on the record. Ozman made other objections, but did not mention the verdict form. Nor is this a case "where the party's position ha[d] previously been made clear to the trial court and it was apparent that further efforts to object would be unavailing." Anderson v. Branen, 17 F.3d 552, 556-57 (2d Cir.1994). Accordingly, we find that Ozman waived further objection to the court's verdict form, except for plain error, which this was not.
 
 
 15
 Ozman did object when the court told the jury that it could not separate the charges in question 1(b) of the verdict form. But this instruction was not error. The Magistrate Judge correctly noted that Ozman's arrest was a single "seizure" that could be justified by probable cause to arrest for any of the offenses ultimately charged. If the officers had probable cause to arrest Ozman on any of the charges, then the one resulting seizure was lawful and caused no injury, regardless whether there was probable cause to arrest him for the other crimes charged.
 
 
 16
 Finally, Ozman contends that the even if the court was correct to instruct the jury not to divide question 1(b), it should have told the jury that it could separate the charges listed in a later question concerning malicious prosecution. But Ozman did not request such an instruction.
 
 
 17
 We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Dominic J. Squatrito, United States District Judge, District of Connecticut, sitting by designation