TIME WARNER ENTERTAINMENT/ADVANCE NEWHOUSE PARTNERSHIP, Plaintiff–Appellee,

v.

Mary Ann SHERMAN, Defendant–Appellant.

No. 02–7417.

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

Shaun K. Hogan, Lefkowitz, Louis & Sullivan, LLP (Daniel J. Lefkowitz and Patrick J. Sullivan, on the brief), Jericho, NY, for Appellee, of counsel.

Present: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Northern District of New York (McAvoy, J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Mary Ann Sherman ("Sherman") appeals *pro se* from a judgment of the United States District Court for the Northern District of New York, finding, after a bench trial, that Sherman unlawfully bought and used descrambling devices to receive cable television, in violation of 47 U.S.C. § 605, and enjoining Sherman from purchasing or using such equipment again. The district court imposed statutory damages of $6,000, as well as attorney's fees. Sherman argues on appeal that the district court erred in admitting some of plaintiff's evidence at trial. We disagree.

First, Sherman argues that various credit card statements that were introduced and then used to authenticate the invoices for the purchase of the descrambling equipment were inadmissible, because these statements did not meet the business records exception to the hearsay rule. Because Sherman concedes in her brief on appeal that she "failed to object in court" when these records were offered, our review is limited to whether the record evidences "plain error affecting substantial rights that goes to the very essence of the

Mary Ann Sherman, Albany, NY, pro se.

case." *Anderson v. Branen,* 17 F.3d 552, 556–57 (2d Cir.1994).

■ Sherman does not seriously dispute that these statements were "kept in the course of a regularly conducted business activity." Fed.R.Evid. 803(6). Instead Sherman argues that the records were inadmissible because they were the business records of the credit card companies from which they were subpoenaed, rather than of the vendors that sold her the descrambling equipment. Such a distinction, however, does not affect the applicability of the business records exception. Nor does the mere fact that the credit card statements were provided to the plaintiff in response to a subpoena, standing alone, render them inadmissible documents prepared or compiled for use in litigation under *Palmer v. Hoffman,* 318 U.S. 109, 114, 63 S.Ct. 477, 87 L.Ed. 645 (1943). As Sherman has not shown that the records lack the "sufficient indicia of trustworthiness to be considered reliable," *Saks Int'l, Inc. v. M/V "Export Champion",* 817 F.2d 1011, 1013 (2d Cir.1987), we see no error "so egregious and obvious as to make the trial judge ... derelict in permitting it, despite the defendant's failure to object." *United States v. Tillem,* 906 F.2d 814, 825 (2d Cir.1990).

■ Second, Sherman argues that the plaintiff violated the Gramm–Leach–Bliley Act ("GLBA") when it obtained sales records from the vendor that sold her the descrambling equipment, because those records contained her confidential credit card information. Those sales records, Sherman argues, should therefore not have been admitted. For a variety of reasons that we need not belabor here, the GLBA has no applicability to the case at hand. Moreover, even assuming the statute would apply, there is nothing in this record to suggest that the plaintiff obtained the sales records through means barred by the statute. Rather, as summarized by the district court, the sales records were lawfully obtained by the plaintiff as a result of the settlement of a prior lawsuit against the vendor.

We have considered all of Sherman's other contentions on appeal, and find them to be without merit.

The judgment of the district court is AFFIRMED.