Thomas Alexander DALLAL, Plaintiff–Appellant,

v.

NEW YORK TIMES COMPANY, New York Times Electronic Media Company, Times Company Digital, Inc., New York Times Information Service, Inc., New York Times News Service, Defendants–Appellees.

No. 09–0407–cv.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Eric Vaughn–Flam, Sanders Ortoli Vaughn–Flam Rosenstadt, LLP, New York, NY, for Appellant.

Robert Penchina, Levine Sullivan Koch & Schulz, LLP (John B. O'Keefe, Levine Sullivan Koch & Schulz, LLP; George Freeman, New York Times Company, on the brief), New York, NY, for Appellees.

PRESENT: ROGER J. MINER,
REENA RAGGI and PETER W. HALL,
Circuit Judges.

## SUMMARY ORDER

Thomas Alexander Dallal appeals a judgment entered after a jury trial in favor of defendant New York Times Company (the "Times") on his claim of copyright infringement with respect to photographs he created that the Times published on its website.[1] Dallal contends that the district court erred by denying his motions pursuant to Fed.R.Civ.P. 50(a) with respect to certain of the Times's defenses. He also faults the district court's preclusion of two expert witnesses, its instructions to the jury, and other trial management and evidentiary rulings.

We review de novo the district court's denial of judgment as a matter of law, which is warranted only where " 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.' " Jarvis v. Ford Motor Co., 283 F.3d 33, 43 (2d Cir.2002) (quoting Fed. R.Civ.P. 50(a)). We similarly review de novo preserved challenges to jury instructions. Jin v. Metro. Life Ins. Co., 310 F.3d 84, 91 (2d Cir.2002). We review for abuse of discretion the district court's management of trial, see United States v. Yakobowicz, 427 F.3d 144, 150 (2d Cir. 2005), and its evidentiary rulings, see United States v. Bah, 574 F.3d 106, 116 (2d Cir.2009), including its decisions as to whether to permit expert testimony, see Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 212 (2d Cir.2009). In applying these standards, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our ruling.

1. *Rule 50 Motions*

a. *Oral Agreement, Implied License, and Equitable Estoppel*

Dallal asserts that he was entitled to judgment as a matter of law on the Times's defenses of oral agreement, implied license, and equitable estoppel. He contends that he authorized the Times's exclusive use of his photographs, effecting a "transfer of copyright ownership" within the meaning of 17 U.S.C. § 204(a), and requiring that each transaction be in writing. He further contends that the governing writings were his invoices, which contained language that he reads to preclude Internet publication. Thus, he contends, as a matter of law, the Times should not have been allowed to defend on grounds of

---

[1] Although Dallal names as appellees all defendants involved in the original action, he does not challenge the district court's decision, at the close of the trial evidence, dismissing the action against all defendants other than the Times for lack of evidence. Accordingly, we deem any such argument waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

oral agreement, implied license, or equitable estoppel.

■ We disagree. Section 204(a) requires a written contract where there is a transfer of copyright ownership, including the grant of an exclusive license, *see Davis v. Blige*, 505 F.3d 90, 100 n. 10 (2d Cir. 2007), but as we determined in vacating the district court's grant of summary judgment in favor of the Times, *see Dallal v. N.Y. Times Co.*, 2006 WL 463386 (2d Cir. Feb.17, 2006), a question of fact existed as to the nature of the transactions at issue here. The evidence did not establish, as a matter of law, that the Times purchased an exclusive license satisfying the requirement of § 204(a). In maintaining otherwise, Dallal relies on the language of his invoice and the testimony of a Times editor that the Times generally requires "first exclusive use" of photographs. But the record contains no other evidence that the Times sought an exclusive license, *e.g.*, any suggestion that it ever tried to prevent Dallal or anyone else from republishing his work.

Meanwhile, evidence was adduced indicating that although Times editors had signed Dallal's invoices, they were never returned to him; that the signatures denoted not assent to be bound, but compliance with in-house accounting; that Times employees told Dallal that the Times did not intend to be bound by the invoices; that Dallal was aware the photos would be published on the Internet; and that Dallal nevertheless accepted more than 1,000 assignments from the Times. In the face of such evidence, the district court properly denied Dallal's Rule 50 motion and permitted the jury to consider whether an oral agreement existed that the Times would acquire a nonexclusive license permitting

the publication of Dallal's work on the Internet, as well as the question of equitable estoppel.

b. *Revision Privilege*

■ Dallal further asserts that he was entitled to judgment as a matter of law on the Times's "revision privilege" defense. Title 17 U.S.C. § 201(c) permits revisions by copyright holders in collective works, even where individual authors retain their copyrights, "[i]n the absence of an express transfer of the copyright or of any rights under it." Dallal maintains that, because the invoices effected an "express transfer" of an ownership interest, § 201(c) is inapplicable as a matter of law. We reject this argument in light of our determination that a question of fact existed as to whether the transactions at issue were governed by an oral agreement. Our prior holdings concerning transactions governed by express written agreements are not to the contrary. *See Faulkner v. Nat'l Geographic Enters., Inc.*, 409 F.3d 26, 40 (2d Cir.2005); *Tasini v. N.Y. Times Co.*, 206 F.3d 161, 170–71 (2d Cir.2000), *aff'd, N.Y. Times Co. v. Tasini*, 533 U.S. 483, 121 S.Ct. 2381, 150 L.Ed.2d 500 (2001).

2. *Jury Instructions* [2]

■ A district court's jury charge constitutes reversible error only where it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir.1994). Contrary to Dallal's contention, the district court properly instructed the jury that an exclusive transfer of copyright cannot occur without a writing. The omission of the requirement that the author sign such a

---

**2.** Although the record contains some ambiguity about whether Dallal preserved all of the objections to the district court's jury charge that he raises on appeal, we assume for the purposes of our discussion that he did, and we conclude that none has merit.

writing was immaterial, given that it was undisputed that Dallal signed the invoices. The district court did not, as Dallal suggests, instruct the jury that the invoices were irrelevant; it charged only that the parties disputed whether their agreement was established by the invoices, by oral statements, or by the parties' conduct. We reject Dallal's argument that the district court erred by instructing the jury as to equitable estoppel and the revision privilege for the reasons described above. Finally, we detect no error in the district court's refusal to instruct the jury about the factually distinguishable *Tasini* cases, *see N.Y. Times Co. v. Tasini*, 533 U.S. 483, 121 S.Ct. 2381, 150 L.Ed.2d 500; *Tasini v. N.Y. Times Co.*, 206 F.3d 161, where Dallal adduced no evidence that those cases had influenced the Times's intent as to its purchase of his photos.

### 3. *Expert Witnesses*

■ We identify no abuse of discretion in the district court's preclusion of Dallal's two expert witnesses. The court permitted Dallal to submit several revised proffers for each of the witnesses at issue, and it granted permission to present the testimony of a third expert whom Dallal later was unable to produce. To the extent the excluded testimony related to industry custom and practice, Dallal failed to demonstrate relevance, because the Times did not rely on its conformity with industry practice but, instead, offered testimony about how it understood its bargain with Dallal in light of its own practice. To the extent Dallal's proffers indicated that the two experts would comment on the facts of Dallal's case and explain how industry participants interpreted applicable law, we identify no error, let alone manifest error, *see Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d at 213, in the district court's decision to exclude such testimony, which it correctly observed would have intruded on its own province and that of the jury.

### 4. *Evidentiary Rulings and Trial Management*

■ Finally, we identify no abuse of discretion in the district court's evidentiary rulings or in its management of the trial. The district court was well within its discretion in bifurcating the liability and damages phases of the trial, a sensible means of achieving expedition and economy. *See* Fed.R.Civ.P. 42(b); *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990). There was no need for redundant presentation of evidence, as Dallal suggests, because the same jury was to hear each phase. Nor did the district court abuse its discretion by excluding from the liability phase testimony by Times General Counsel George Freeman, which Dallal proposed to use in proving willfulness. Such proof may have been relevant to the issue of damages, but it had no bearing on liability. We are unpersuaded by Dallal's complaints about the district court's actions during the testimony of trial witnesses, which reasonably addressed plaintiff's occasionally argumentative style of questioning and, thus, fell well within the district court's broad discretion. *See United States v. Local 1804–1, Int'l Longshoremen's Ass'n*, 44 F.3d 1091, 1095 (2d Cir.1995). We likewise detect no abuse of discretion in the district court's exclusion of Dallal's proffered summary charts on the ground that they were more argumentative than evidentiary in nature.

We have considered Dallal's remaining arguments, and they are without merit. Accordingly, the judgment of the district court is AFFIRMED.