13-249-cv
*DeNigris v. N.Y.C. Health & Hosps. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>> Circuit Judges,
> JOHN G. KOELTL,[*]
>> District Judge.

_____

DEBORAH DENIGRIS,

> *Plaintiff-Appellant*,

  -v-                                                          No. 13-249-cv

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,
ANN FRISCH, in her individual and official capacity
as Executive Director of the Health and Home
Care Division of the New York City Health and
Hospitals Corporation,

> *Defendants-Appellees*.

_____

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

DEBORAH DENIGRIS, *pro se*, New York, NY.

JANET L. ZALEON, KRISTIN M. HELMERS, ZEV S. SINGER, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Deborah DeNigris, proceeding *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Patterson, *J.*). The district court entered judgment in favor of Defendants-Appellees following a jury verdict in their favor on Appellant's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Jury Verdict**

"[A] party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). However, we will reach the waived issue to "prevent manifest injustice." *Id.* A jury verdict may be set aside upon a motion for judgment as a matter of law only if "there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that

reasonable and fair minded persons could not arrive at a verdict against it." *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (2d Cir. 1997) (alterations and internal quotation marks omitted). In our review, "we must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012) (internal quotation marks omitted).

Here, Appellant's counsel failed to move for a judgment as a matter of law prior to or following the jury's verdict, and, therefore, her sufficiency challenge to the jury's verdict is waived. Moreover, even if the challenge were not waived, it is meritless: a review of the testimony presented at trial reveals that Appellees produced sufficient evidence upon which the jury could have found that Appellant was fired for legitimate, nondiscriminatory reasons. Accordingly, this challenge fails.

**II. *Batson* Claim**

In *Batson v. Kentucky*, the Supreme Court held that, in criminal prosecutions, the state may not use its peremptory challenges to exclude potential jurors on the basis of their race. *See* 476 U.S. 79, 89 (1986). The Court later extended *Batson*'s holding to the exclusion of prospective jurors in civil cases. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 628 (1991). If a party objecting to a peremptory challenge makes a *prima facie* showing that a juror or jurors have been stricken on the basis of their race, the opposing party must articulate a race-neutral explanation for their exclusion. *See Batson*, 476 U.S. at 96-98. However, the burden remains, at all times, with the objecting party to demonstrate that the peremptory strike was racially motivated. *See Purkett v. Elem*, 514 U.S. 765, 768 (1995). A trial court's determination of whether there is a racially discriminatory intent underpinning a challenged peremptory strike is a factual finding premised largely upon a credibility assessment; accordingly, it is afforded "great deference on appeal," and

3

is reviewed only for clear error. *Hernandez v. New York*, 500 U.S. 352, 364-65 (1991) (plurality opinion). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 317 (2d Cir. 2003) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) (internal quotation marks omitted)). Here, it was not clearly erroneous for the district court to overrule Appellant's counsel's *Batson* challenge to the exclusion of an African-American juror. Counsel for Appellees explained that he sought to exclude the juror for reasons related to her perceived pro-plaintiff bias, and the district court did not clearly err in crediting this explanation.

**III. Jury Instructions**

"We review jury instructions *de novo* with regard to whether the jury was misled or inadequately informed about the applicable law." *Terranova v. New York*, 676 F.3d 305, 308 (2d Cir. 2012). We will reverse for an error in the jury instructions only if the appellants "can show that in viewing the charge given as a whole, they were prejudiced by the error." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994).

Contrary to Appellant's contentions, the district court properly instructed the jury as to the elements of a disparate treatment claim: the court informed the jury that it was "not enough" for Appellant to demonstrate a "discriminatory *effect*," but that she had to demonstrate that Defendants-Appellees acted with "discriminatory *intent*." *See Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (describing difference between disparate treatment and disparate impact claims). In any event, Appellant has not demonstrated that she was prejudiced by any error in the jury instructions, and accordingly this argument is unavailing.

4

**IV. Hearsay Evidence**

We review a district court's evidentiary rulings for abuse of discretion. *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, 467 F.3d 107, 119 (2d Cir. 2006). A district court abuses its discretion if it: (1) bases its ruling on an erroneous view of the law; (2) makes a clearly erroneous assessment of the evidence; or (3) renders a decision that cannot be located within the range of permissible decisions. *See Sims v. Blot (In re Sims)*, 534 F.3d 117, 132 (2d Cir. 2008).

The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee's note. Where statements are offered to show their effect on a listener's state of mind, they are not hearsay. *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013); *cf. Cameron v. Cmty. Aid for Retarded Children, Inc.*, 335 F.3d 60, 65 n.2 (2d Cir. 2003) (noting that complaints offered in evidence for their effect on the listener were not hearsay in the context of a suit under the Americans with Disabilities Act).

Here, the district court permitted numerous statements made to Appellee Frisch regarding Appellant's inappropriate conduct to be offered into evidence, not for the truth of the matter asserted, but for the effect on Frisch's state of mind – that is, for her conclusion that DeNigris could not collaborate with her co-workers and should be fired. The record reveals that the district court repeatedly instructed the jury that statements by interns, co-workers, and supervisors were not to be taken for the truth of the assertions, but merely for "the fact that [Appellee Frisch] was told this." Accordingly, the statements were not hearsay, and the district court did not err in allowing them into evidence.

5

We have considered all of Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk