**Robert CARRASQUILLO,**
**Plaintiff–Appellant,**

Angela Carrasquillo, Plaintiff,

v.

**CITY OF TROY, Troy Housing Authority, Troy Police Department, and its agents or employees, Sean Kittle, individually and as agent for Troy Police Department and Unknown Individuals presently unknown to plaintiff, Defendants–Appellees.**

No. 06–1256–cv.

United States Court of Appeals, Second Circuit.

Oct. 22, 2007.

Theodore Robinson, Albany, NY, for Plaintiff–Appellant.

John W. Bailey, Albany, NY, for Defendants–Appellees.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Plaintiff Robert Carrasquillo ("Carrasquillo") appeals from a January 20, 2005 judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) entering a jury verdict in favor of appellees on all counts and the district court's February 8, 2006 order denying his motion for a new trial under Rule 59(d) of the Federal Rules of Civil Procedure, 2006 WL 304031. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues raised on appeal.

With regard to appellant's claim that the Rule 50 motion was erroneously granted, we review the grant of such a motion *de novo* and apply "the same standard as the district court itself was required to apply." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir.2000). "We have held that '[j]udgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor.'" *Davis v. Rodriguez*, 364 F.3d 424, 432 (2d Cir.2004) (*quoting Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir.1998)).

Here, in view of the apparent severity of his injuries, Carrasquillo might have endeavored to assemble a record evidencing the elements of a claim under "common-law negligence—i.e., that [the officer], in employing deadly physical force in an effort to apprehend plaintiff, did not exercise that degree of care which would reasonably be required of a police officer under similar circumstances." *See McCummings v. New York City Transit Auth.*, 81 N.Y.2d 923, 597 N.Y.S.2d 653, 613 N.E.2d 559, 560 (1993). But as plaintiff's trial counsel conceded to the district court, no distinct evidence to support this claim was put before the jury. Accordingly, it was proper for the district court to deem this theory abandoned and to dismiss it pursuant to Rule 50.

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

As to appellant's objection to the jury charge, hindsight alone cannot transform his trial counsel's agreement to "narrow [the section 1983 charge] down" into a properly-raised objection to that narrowed-down charge. *See* Fed.R.Civ.P. 51(c)(1) (requiring parties objecting to instructions to "state distinctly the matter objected to and the grounds of the objection"); *see also Fogarty v. Near North Ins. Brokerage, Inc.,* 162 F.3d 74, 80 (2d Cir.1998) ("[A] vague response to the court's direct question as to a possible objection, combined with counsel's silence in response to the court's request for alternative language, simply fails to meet Rule 51's standard. . . ."). On occasion, we have "disregard[ed] [such] failure to object where there is plain error affecting substantial rights that goes to the very essence of the case, or where the party's position has previously been made clear to the trial court and it was apparent that further efforts to object would be unavailing." *Anderson v. Branen,* 17 F.3d 552, 556–57 (2d Cir.1994) (internal citations omitted). But no such considerations apply where, as here, the concession was tactical in nature and preserved the central claim in the case for consideration by the jury.

■ Turning last to the challenged evidentiary decisions, we review these "under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *See Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 148 (2d Cir.2001) (internal quotation marks omitted); *see also United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996). To that end, the district court did not abuse its discretion when it kept the minor "SC" off of the witness stand and the content of her videotape away from the jury. The tape and the transcript made of it were properly excluded as hearsay not covered under any exception. As the district court recog-

nized, a videotaped interview of a minor by appellant's attorney bears none of the indicia of reliability required by Fed.R.Evid. 803(5) and is not sufficiently trustworthy or probative to satisfy Fed.R.Evid. 807. As for the prospect of SC testifying live, even had SC not recanted and disclaimed personal knowledge of the events at issue, the district court reasonably concluded that her narrative would duplicate the testimony given by earlier witnesses, a finding to which we give considerable deference. *See Int'l Minerals & Res., S.A. v. Pappas,* 96 F.3d 586, 596 (2d Cir.1996) ("A district judge has discretion to exclude evidence if it is cumulative of evidence already in the record.").

■ The district court was likewise within its discretion to exclude as prejudicial a videotape of Carrasquillo displaying his injuries, as that tape was made by his counsel with an eye toward litigation and was not contemporaneous with the incident. Evidence that would otherwise be "admissible under Rule 702 . . . still must pass muster under Rule 403: Its probative value must not be substantially outweighed by unfair prejudice." *United States v. Dukagjini,* 326 F.3d 45, 58 (2d Cir.2003). To the extent it was necessary for Carrasquillo to put such evidence before the jury, he had several less prejudicial means to do so. *Cf. Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788, 792 (3d Cir.1974) (finding reversible error in the admission of a videotaped discussion between an injured party and his attorney because "any benefit which might have been derived in the factfinding process by such an illustration was far outweighed by the prejudice of admitting what amounted to ex parte testimony"). That he made the strategic decision to avoid these alternatives does not somehow erase the prejudice of the videotape.

Lastly, we cannot say that the district court's decision to let into evidence Carras-

quillo's prior criminal conviction constituted an abuse of discretion. *See Pipola,* 83 F.3d at 566. Although Carrasquillo argues the limiting instruction, as given, was itself prejudicial, that contention finds no support in the record.

We have considered the plaintiff-appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**