08-5043-cv
Pyatt v. Jean

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*
-------------------------------------------------------------------------
WADENA PYATT,

       *Plaintiff-Counter-Defendant-Appellant*,
       v.                                        No. 08-5043-cv

WYCLEF JEAN, JERRY DUPLESSIS, SONY MUSIC ENTERTAINMENT, INC., COLUMBIA RECORDS, SONY/ATV TUNES, LLC, HUSS ZWINGLI PUBLISHING, INC.,

       *Defendants-Appellees*.
-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     FRANK A. DELLE DONNE, Monaco & Monaco, LLP, Brooklyn, New York.

APPEARING FOR APPELLEES:     DOROTHY M. WEBER, Shukat Arrow Hafer Weber & Herbsman, LLP (Judith A. Meyers, Shukat Arrow Hafer Weber & Herbsman, LLP,

New York, New York, Michael G. Williams, Freeport, New York, *on the brief*), New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's October 3, 2008 judgment is AFFIRMED.

Wadena Pyatt appeals from a final judgment, entered after a jury trial at which she proceeded pro se, in favor of defendants on her copyright infringement claim. On appeal, Pyatt challenges various discovery and evidentiary rulings. We review a district court's discovery rulings, including the denial of a motion for sanctions, and its evidentiary rulings for abuse of discretion, see In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 102 (2d Cir. 2008); Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007); Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001), and we will not grant a new trial unless error affects a substantial right, see Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007). In applying these standards, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Discovery Sanctions

Pyatt submits that the district court erred in refusing to sanction defendants for their "continual failure" to comply with a March 28, 2008 discovery order. Appellant's Br. at 58. We disagree.

The district court's March 28, 2008 order, issued at a pretrial conference, directed

2

defendants to comply with any non-financial discovery requests contained in a list of outstanding discovery submitted by Pyatt. The order did not make any findings with respect to the existence or nonexistence of the evidence requested, nor did it impose on defendants an obligation to produce specific material. On July 9, 2008, the district court held a hearing at which it addressed Pyatt's claim that certain evidence had been destroyed or improperly withheld. Although defendants had provided written responses to all of Pyatt's discovery requests in accordance with the March 2008 order, in some instances their response was that they could not locate any documents responsive to the request. The district court acknowledged Pyatt's concern that certain documents appeared to be missing, but concluded that unless Pyatt could prove that defendants had destroyed or withheld specific documents, she was bound by defendants' answers and their inability to produce what they did not have. Pyatt submitted no such proof to the district court, nor do the portions of trial testimony she cites on appeal demonstrate that defendants unlawfully destroyed or withheld evidence. Accordingly, we identify no abuse of discretion in the district court's refusal to sanction defendants.

2. Evidentiary Challenges

a. Pyatt's Testimony

Pyatt contends that the district court erred in precluding her from testifying at trial, thereby preventing her from "sing[ing] at trial the unique melodic lyrical chorus combinations common to [the songs at issue or] . . . indicat[ing] musically as defendants-appellees did." Appellant's Br. at 55. Contrary to Pyatt's claims, a thorough review of the

3

record indicates that she was fully apprised of her right to testify but declined to do so. See Trial Tr. at 106 ("And [Pyatt] can take the witness stand, herself, if she wishes to do so."); id. at 603 ("THE COURT: You can't introduce this as an exhibit, as such, unless you take the witness stand. MS. PYATT: Okay. That's fine. I have enough with the testimony that was made."); id. at 833-34 ("THE COURT: I have to take the complaint, your complaint you filed, for the court, counsel, and the jury to see. Do you want to testify to something different? You have to get on the stand and testify to it. But we are not going to reopen the entire case. MS. PYATT: No. Only background. It was only a little typo error. I think it was a tiny error in my deposition."); see also id. at 576–81 (reserving decision on Pyatt's right to testify to permit defendants to brief issue, but noting that "unless [defendants had] some recent authority on the subject, . . . [the court would] have to receive [Pyatt's testimony]").

Although Pyatt at one point advised the court that she wished to provide testimony that would compare the structural and melodical elements of the songs at issue, defendants objected to the admission of such testimony on the ground that Pyatt was not an expert within the meaning of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). See Trial Tr. at 668-69. The district court appears to have sustained the objection, subject to Pyatt's right to present a qualified expert during her rebuttal case. See Trial Tr. at 669-73. As Pyatt does not contend – nor could she contend – that she is an expert within the meaning of Daubert, we perceive no abuse of discretion on these facts.

4

### b. Finell's Expert Testimony

Pyatt argues that the district court abused its discretion in failing to consider an affidavit submitted by her expert, Judith Finell. The record does not support such a claim. While Pyatt cites a May 20, 2009 affidavit in which Finell purports to have submitted an affidavit and expert report prior to trial, the record reveals no instance in which Pyatt attempted to introduce the affidavit at trial but was precluded from doing so. Nor does it show that the district court precluded Finell from testifying. Rather, the district court repeatedly advised Pyatt that she had the right to call Finell as an expert. When the time for Finell to testify arrived, however, Pyatt indicated that Finell was not prepared to go forward. Although Pyatt cited defendants' failure to produce relevant discovery as the cause of Finell's unpreparedness, for the reasons discussed above, we conclude that the district court acted well within its discretion in finding that defendants had satisfied all relevant discovery obligations. Under these circumstances, Pyatt's challenge respecting Finell's evidence necessarily fails.[1]

### c. Ferrara's Expert Testimony

Pyatt argues that the district court erred in admitting the testimony of defendants' expert, Lawrence Ferrara, as defendants failed timely to serve Ferrara's expert report and Ferrara's testimony exceeded the scope of the report. We are not persuaded.

Apart from her own conclusory allegations, the only evidence cited by Pyatt

---

[1] Although Pyatt also contends that the district court erred in failing to consult Finell via teleconference when determining whether defendants' alleged destruction of relevant evidence merited sanctions, the record makes clear that defendants offered to permit Pyatt to telephone Finell, but she declined to do so.

suggesting that defendants served their expert report "four months" after the court-appointed deadline is Ferrara's declaration of November 10, 2005, indicating somewhat ambiguously that "[m]y initial report, dated August 16, 2005, has been submitted in this case" but also that "[t]he Report is submitted [as an attachment to a filing] dated November 11, 2005." Ferrara Decl. ¶ 2 (November 10, 2005). Even assuming that the report was not submitted until the latter date, it is not clear that it was late, as the district court issued an order on August 17, 2005, staying production of Ferrara's report at the request of the defendants. Moreover, even if the report was late, as Pyatt contends, it would still have been produced almost three years before trial commenced. Pyatt can hardly claim that she was prejudiced by any delay. See Wolak v. Spucci, 217 F.3d 157, 161 (2d Cir. 2000) (noting prejudice properly informs decision to preclude belated expert evidence).

Pyatt's claim that Ferrara's testimony exceeded the scope of his expert report is equally unavailing. In identifying the materials that he reviewed in connection with his analysis, Ferrara cited "a commercially released DVD entitled, Wyclef Jean: All Star Jam at Carnegie Hall, . . . with a version of 'Two Wrongs' as scene 16 entitled 'Our Song' performed with Eric Clapton and attached to this Report as Audio Exhibit C." Report of Lawrence Ferrara, Ph.D., at 2-3 (August 16, 2005). Although Ferrara refers to the song performed by Jean and Clapton as "My Song" in the portion of testimony challenged by Pyatt, our review of the record indicates that Ferrara's testimony regarding the structure of that song and the likely extent of Jean and Clapton's preparation for its performance was well within the scope of his expert report. In any event, because Pyatt failed to raise this objection

6

at trial, even if we assumed arguendo that Ferrara's testimony exceeded the scope of his report, our review would be limited to "plain error affecting substantial rights that goes to the very essence of the case." Anderson v. Branen, 17 F.3d 552, 556 (2d Cir. 1994). This is not such an error.

### d. Masquerade CD Liner Notes

Pyatt asserts that the district court erred in precluding questioning regarding the liner notes for the Masquerade CD, as the notes connect defendants Jean and Williams, tending to prove access. This argument is without merit. The record demonstrates that the Masquerade CD was admitted into evidence as Plaintiff's Exhibit 2, that the liner notes contained in the CD were marked for identification, and that Pyatt herself questioned three witnesses about the notes. In at least two instances, the witnesses were either asked to read from the liner notes or were questioned about their contents. See Trial Tr. at 157-58, 555. Accordingly, any claim that Pyatt was precluded from eliciting testimony about the Masquerade CD liner notes must fail.

### 3. Conclusion

We have considered Pyatt's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

7