Simcoe v. Gray

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fourteen.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **RICHARD C. WESLEY,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges.*

_____

Thomas B. Simcoe,

       *Plaintiff-Appellant,*

    v.                                      13-2697

Lieutenant Timothy Gray, NTPD, *et al.,*

       *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     Thomas B. Simcoe, *pro se*, Attica, NY

**FOR DEFENDANTS-APPELLEES:**   Charles E. Graney, Webster Szanyi LLP, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this order.

Appellant Thomas Simcoe, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging excessive force and failure to intervene. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of

law." *Id.* We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Simcoe stated in his affidavit that the defendants yanked on his arms even though he did not resist arrest, that Officer Gray repeatedly smashed his face into the ground and stood on his hands after he was handcuffed, and that Officers Smith and Glass failed to intervene. The defendants, on the other hand, testified that Simcoe resisted arrest and that the two officers were unable to intervene. The court granted summary judgment to the defendants, determining that they were entitled to qualified immunity because, *inter alia*, their use of force was objectively reasonable because Simcoe was resisting arrest. The court did not address Simcoe's statements that the defendants assaulted him after he was

3

handcuffed. Simcoe's testimony that he did not resist arrest and that he was assaulted after being handcuffed creates genuine issues of material fact. *See Tracy v. Freshwater*, 623 F.3d 90, 98 (2d Cir. 2010); *Hemphill v. Schott*, 141 F.3d 412, 417-18 (2d Cir. 1998). Viewing the evidence in the light most favorable to Simcoe, a reasonable factfinder could conclude that the officers' conduct was objectively unreasonable.[1] *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 124 (2d Cir. 2004); *Tracy*, 623 F.3d at 98.

Moreover, the district court did not specifically address Simcoe's third claim—that Glass and Smith failed to intervene when Gray allegedly used excessive force against Simcoe. Drawing all inferences in Simcoe's favor, a reasonable trier of fact could conclude that Glass and Smith should have prevented Gray from using excessive force. "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the

---

[1] Simcoe's violent actions toward his wife and Smith, and any struggle that occurred before he was tasered, would not render the force used against him reasonable if a jury found that, after falling to the ground, he was not resisting arrest and did not pose a danger to the officers. *See Hemphill*, 141 F.3d at 417 ("[T]o allow the nature of the crime alone to justify the use of such severe force would thwart a central purpose of the Fourth Amendment limitations on use of force in making arrests, which is to preserve determination of guilt and punishment for the judicial system.").

4

constitutional rights of citizens from infringement by other law enforcement officers in their presence," and a police officer is liable for failing to intercede when excessive force is being used when there was "a realistic opportunity to intervene to prevent the harm from occurring." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). Thus, there remain disputed issues of fact as to each of the defendants regarding excessive force, and to Smith and Glass regarding their failure to intervene.

Appellees acknowledge that Simcoe disputed these facts, but argue that his "self-serving" and "implausible" testimony did not create a *genuine* issue of material fact. Specifically, they argue that Simcoe's version of events should not be credited because: (1) he testified at his criminal trial that he remembered being handcuffed after he was tasered "and that was about it," and that he did not "know what was going on"; (2) he testified that he was "out of his mind" and lost control that evening and did not regain it; and (3) he did not mention excessive force in an apology letter he wrote to Smith and the police department. For the reasons below, we disagree.

While a court should ordinarily not make credibility determinations in deciding a summary judgment motion, "in the rare circumstance where the

5

plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks and citation omitted). Here, however, we view Simcoe's testimony during his criminal trial as more accurately characterized as "ambiguous, confusing, or . . . incomplete," rather than wholly inconsistent with his deposition testimony. *See id.* at 555 n.2 (internal quotation marks and emphasis omitted); *see also Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104-06 (2d Cir. 2011). Moreover, his testimony at his criminal trial was not dispositive because it was not necessary to the verdict. *See Hemphill*, 141 F.3d at 417. Simcoe's testimony that he "lost control" that evening and failed to regain it is likewise more ambiguous than it is inconsistent. Finally, while Simcoe did not mention excessive force in his apology letter, we do not view this omission as sufficiently contradictory so as to render his testimony unreliable. In sum, this is not the type of "extraordinary case" where the facts are so contradictory as to discredit Simcoe's testimony at the summary judgment

6

stage. *See Rojas*, 660 F.3d at 106. Accordingly, summary judgment should not have been granted based on qualified immunity where, as here, there are genuine disputes of material fact. *See Hemphill*, 141 F.3d at 418.

Accordingly, the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion. All outstanding motions are hereby **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk