12-723-pr
Cruz v. Staley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fourteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.

-------------------------------------------------------------------------
HARRY CRUZ,

                    *Plaintiff-Appellant,*


            v.                                          No. 12-723-pr


M. STALEY, Correction Sergeant, J. YOUNG, K.L. SWEET, M. FIRST, JOHN DOE, Correction Officer,
                    *Defendants-Appellees.*
-------------------------------------------------------------------------
APPEARING FOR APPELLANT:        RACHEL K. MARCOCCIA (David A. Kochman, Edward J. Estrada, David A. Scharfstein, *on the brief*), Reed Smith LLP, New York, New York.

1

APPEARING FOR APPELLEES:     MARTIN A. HOTVET (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), Assistant Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 19, 2012, is AFFIRMED.

Plaintiff Harry Cruz appeals from the dismissal, after a jury trial, of his 42 U.S.C. § 1983 claims against named and unnamed New York State Corrections officials for the use of excessive force against Cruz while he was incarcerated at Coxsackie Correctional Facility. Cruz charged that defendants Staley and Young assaulted him, that defendant Staley failed adequately to supervise his subordinates, and that these officials, as well as defendant First, failed to intervene to prevent assaults of Cruz's person. Cruz does not here challenge the jury's verdict in favor of defendants on these charges. Rather, he faults the district court for denying him leave to amend his complaint to indicate—and for then failing to charge the jury—that the excessive force claim against defendant First was based on actual assault as well as a failure to prevent assault by others. See Fed. R. Civ. P. 15(b)(2). We review the denial of a Rule 15(b)(2) motion for abuse of discretion, see MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998), and alleged jury instruction errors de novo, see Rasanen v. Doe, 723 F.3d 325, 331–32 (2d Cir. 2013).

2

We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

At trial, Cruz testified that defendant First assaulted him by placing his foot on Cruz's face during the events at issue. Thereafter, at a charging conference, Cruz asked that the verdict form be revised to indicate a claim for excessive force against First based on this evidence. When the district court asked whether such a claim was contained in the pleadings, Cruz's counsel replied in the affirmative. One defense counsel concurred, while another indicated that Cruz's request equated to asking that the pleadings conform to the evidence. The district court indicated that this latter statement comported with its own thinking and agreed to make the requested change to the verdict form. Later that day, however, the district court reversed itself, explaining that it had reviewed the complaint and found that it accused only defendants Staley and Young—not First—with assault. Cruz's counsel voiced no objection to the district court's decision not to modify the jury form as requested. Rather, he apologized for his mistaken representation that the claim had been pleaded and, when asked whether he had anything further to raise with respect to the proposed instructions or verdict form, replied that he did not.

Insofar as Cruz now challenges the district court ruling on the ground that his requested verdict form modification was compelled by Fed. R. Civ. P. 15(b)(2) regardless of any pleading omission, we do not reach that claim because Cruz never raised Rule 15(b)(2) in the district court as a ground for his request. See Fed. R. Civ. P. 51(c)(1)

3

(requiring party who objects to jury instruction to state "distinctly the matter objected to and the grounds for the objection"); <u>Rasanen v. Doe</u>, 723 F.3d at 332–33 (concluding that jury instruction objection not preserved where counsel failed to explain why instruction was required or to cite relevant case and ultimately acquiesced in instruction given); <u>see generally</u> <u>In re Nortel Networks Corp. Sec. Litig.</u>, 539 F.3d 129, 132 (2d Cir. 2008) (referencing established rule that appellate court will not consider issue raised for first time on appeal).   No different conclusion is warranted by defense counsel's statement that the requested amendment was akin to conforming the pleadings to the evidence—language derived from Rule 15(b)(2)—because Cruz never adopted this passing comment as his own and certainly did not reference either the standard or the rule as an alternative ground for amendment when it became apparent that an assault claim against First had not been pleaded.

Nor are we persuaded by Cruz's contention that it would have been futile to advance such an argument.   For us to excuse a defaulted argument as futile, a party's position must previously have been made clear to the district court and it must be apparent on the record that further argument would be unavailing.   <u>See</u> <u>Anderson v. Branen</u>, 17 F.3d 552, 556–57 (2d Cir. 1994).   Cruz satisfies neither condition with respect to the Rule 15(b)(2) error he advances on appeal.

In such circumstances, we review only for plain error, a standard that requires Cruz to show (1) error, (2) that is plain, (3) that affected his substantial rights, and (4) that

seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Marcus, 560 U.S. 258, 262 (2010); Rasanen v. Doe, 723 F.3d at 332 & n.2. Even if we were to assume arguendo that Cruz satisfies the first two conditions, he cannot satisfy the third and fourth in this case in which the jury verdict in favor of defendants on all claims—including more serious assault claims against other officers during the same incident—indicates that it credited the officers' account of the events in dispute and did not credit Cruz's. Accordingly, there is no basis to conclude that any error in failing to submit an assault claim against defendant First affected Cruz's substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

We have considered the remainder of Cruz's arguments and conclude that they are without merit. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5