14-3091-cv
*Wells Fargo v. Konover*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand and fifteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

WELLS FARGO BANK, N.A., TRUSTEE FOR THE REGISTERED HOLDERS OF SALOMON BRO MORTGAGE SECURITIES VII INC, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2000 C-2, BY ORIX CAPITAL MARKETS LLC, ITS ATTORNEY IN FACT,

*Plaintiff-Appellee*,

v.                                                                      No. 14-3091-cv

KONOVER DEVELOPMENT CORPORATION, KONOVER CONSTRUCTION CORPORATION, KONOVER & ASSOCIATES, INC., BLACKBOARD LLC, RIPPLE LLC,

*Defendants*,

MICHAEL KONOVER,

*Defendant-Appellant.*

_____

1

For Defendant-Appellant:      WILLIAM J. MURPHY and Conor B. O'Croinin, Zuckerman Spaeder LLP, Baltimore, MD; James T. Shearin, Pullman & Comley, LLC, Bridgeport, CT.

For Plaintiff-Appellee:      P. MICHAEL JUNG, Strasburger & Price, LLP; John B. Nolan, Erick M. Sandler, Jeffrey P. Mueller, and John W. Cerreta, Day Pitney LLP, Hartford, CT; Jeff Joyce, Joyce + McFarland LLP, Houston, TX.

_____

Appeal from a final judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael Konover ("Konover") appeals from an August 19, 2014 final judgment of liability entered in the United States District Court for the District of Connecticut (Thompson, *J.*). A jury found Konover jointly and severally liable for the full unpaid amounts due pursuant to the judgments entered against Konover Management Corporation ("KMC") by the Circuit Court for Baltimore County, Maryland in the matter of *Wells Fargo Bank Minnesota, NA. v. Diamond Point Plaza Limited Partnership*, No. 3-c-03-002499 ("Maryland Judgment"). In this appeal Konover argues that the district court lacked subject matter jurisdiction, incorrectly applied Connecticut veil piercing law when admitting evidence and instructing the jury, and erred by giving collateral estoppel effect to the Maryland Judgment. Konover also contends that the plaintiff's claims were barred by res judicata and that the district court erred by denying his motion for judgment as a matter of law and by awarding litigation expenses. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. For the reasons stated below, we affirm.

Beginning with Konover's argument that the district court lacked subject matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo*." *Creaciones Con Idea, S.A.de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 81 (2d Cir. 2000). Federal district courts have original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "Trustees of an express trust are entitled to bring diversity actions in their own names and upon the basis of their own citizenship." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 (1980). When a trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," the trustee qualifies as a "real party to the controversy" and may sue based on its own citizenship. *Id.* at 464. Wells Fargo is a citizen of South Dakota and the defendants are citizens of Connecticut; thus the named parties are "citizens of different States." Wells Fargo is the trustee of the SBMS VII pool, retains "certain customary powers to hold, manage, and dispose of assets" for the trust's beneficiaries, and is bringing suit to enforce a judgment in its name. *Navarro* at 464. Wells Fargo's delegation of its powers to ORIX Capital Markets LLC does not alter Wells Fargo's status as a real party to the controversy and does not transform it into a "naked trustee[] who act[s] as [a] mere conduit [] for a remedy flowing to others." *Id.* at 465 (internal quotation omitted). We therefore hold that the district court had subject matter jurisdiction over the suit based on complete diversity of the parties.

We next address Konover's claims that the district court erred by admitting irrelevant evidence at trial. We review evidentiary rulings for abuse of discretion and will reverse only where the improper admission of evidence "affects a substantial right of one of the parties" such that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Constantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174 (2d Cir. 2000) (internal

3

quotation omitted). Evidence is relevant if "it has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Connecticut's veil piercing laws, the identity rule requires that "there [have been] such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, [such that] an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." *Saphir v. Neustadt*, 413 A.2d 843, 854 (Conn. 1979). The district court did not abuse its discretion when it admitted evidence related to KMC's guaranty of the underlying loan because that evidence was relevant to whether KMC and Konover had "such a unity of interest and ownership" that recognizing separate identities "would serve only to defeat justice and equity."

Turning to the district court's jury instructions, "[w]e review a jury instruction challenge *de novo*, but [] will reverse only where the charge, viewed as a whole, demonstrates prejudicial error." *United States v. Coppola*, 671 F.3d 220, 247 (2d Cir. 2012). A jury instruction is erroneous "if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994). Under Connecticut's veil piercing law there is "[n]o hard and fast rule," *Angelo Tomasso, Inc. v. Armor Const. & Paving, Inc.*, 447 A.2d 406, 411 (Conn. 1982), and each case "should be regarded as sui generis, to be decided in accordance with its own underlying facts," *Comm'r of Envtl. Prot. v. State Five Indus. Park, Inc.*, 37 A.3d 724, 731 n. 13 (Conn. 2012). When describing the elements of Connecticut's veil piercing rules to the jury, the district court recited language directly from the opinions of the Supreme Court of Connecticut. *See Zaist v. Olson*, 227 A.2d 552, 558 (Conn. 1967); *Angelo Tomasso*, 447 A.2d at 411. The instructions adequately informed the jury of the

4

correct legal standard. Further, we find no error in the district court's decision not to specify in its instructions which transactions the jury could consider under each theory of liability. Connecticut law imposes no bright-line rule prohibiting a jury from finding that a pre-judgment transfer proximately caused a party's inability to collect a judgment, and the jury was entitled to make its own proximate cause determination for each of the transactions challenged by Wells Fargo.

As to Konover's argument that the district court improperly applied collateral estoppel to the Maryland Judgment, we review "a district court's application of . . . collateral estoppel *de novo*," *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 93 (2d Cir. 2000), and the generalized assessment of "whether collateral estoppel is fair" for abuse of discretion, *Bear, Stearns & Co. v. 1109580 Ont., Inc.*, 409 F.3d 87, 92 (2d Cir. 2005). Collateral estoppel bars re-litigation of previously decided issues, even where "the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under Maryland law collateral estoppel requires that "in a second suit between the same parties, even if the cause of action is different, any determination of fact that was actually litigated and was essential to a valid and final judgment [be] conclusive." *Standard Fire Ins. Co. v. Berrett*, 910 A.2d 1072, 1083 (Md. 2006). The district court did not err when it gave collateral estoppel effect to the Maryland Judgment: Konover was an actual party to the Maryland litigation and was in privity with his co-defendants, *see Bodnar v. Brinsfield*, 483 A.2d 1290, 1296–97 (Md. Ct. Spec. App. 1984); the parties in the Maryland action had a full and fair opportunity to litigate and actually litigated the issues; and the findings of fact made in those proceedings were necessary to the judgment. In considering the fairness of applying collateral estoppel, we see no inequity in its application and determine that the district court did not abuse its discretion in so doing.

5

Addressing Konover's assertion that res judicata bars this litigation, we review a district court's application of the principles of res judicata *de novo*. *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010). Claim preclusion "foreclos[es] successive litigation of the . . . same claim," *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001), in a second lawsuit between the same parties for claims arising out of the same transaction or natural grouping of operative facts, *Colandrea v. Wilde Lake Comty. Ass'n*, 761 A.2d 899, 910 (Md. 2000). Res judicata also bars claims "that could have been litigated in the original suit"; therefore, "a party must assert all the legal theories he wishes to in his initial action." *Colandrea*, 761 A.2d at 910. Maryland applies the "transactional" approach to claim preclusion, *id.* at 908– 09, which defines transaction as a "natural grouping or common nucleus of operative facts." Restatement (Second) of Judgments § 24 & cmt. b (1982). Here, res judicata does not bar Wells Fargo's claims because despite significant overlap between the Maryland litigation and Wells Fargo's veil piercing claims before the district court, the veil piercing claims involve operative facts that had not occurred, or that Wells Fargo was not aware of, at the time of the Maryland litigation. The district court properly declined to apply res judicata to bar Wells Fargo's veil piercing claims.

Konover further contends that the district court erred by denying his motion for judgment as a matter of law. We review *de novo* the denial of a motion for judgment as a matter of law and "draw all reasonable inferences in favor of the nonmoving party." *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 118 (2d Cir. 2006). Judgment may be entered "only when there is such a complete absence of evidence" that no fair minded juror could have reasonably arrived at the verdict. *Id.* at 119 (internal quotation omitted). "Whether the circumstances of a particular case justify the piercing of the corporate veil presents a question of

6

fact." *State Five*, 37 A.3d at 732 (quoting *Naples v. Keystone Bldg. & Dev. Corp.*, 990 A.2d 326, 340 (Conn. 2010)). Wells Fargo presented evidence of 1) Konover's domination of KMC during the loan procurement, 2) Konover's decision to sell a portfolio of properties after the loan default, and 3) a flurry of transactions in 2005 when the Maryland litigation had concluded but prior to the award of judgment. Drawing all reasonable inferences in Wells Fargo's favor, we cannot say that there was such a complete lack of evidence that no fair minded juror could have found that either Konover was a substantial factor in preventing Wells Fargo from collecting the Maryland Judgement under the instrumentality rule or that Konover dominated KMC completely under the identity rule. We therefore affirm the district court's denial of Konover's motion for judgment as a matter of law.

Finally, we review the district court's decision to award attorneys' fees under Connecticut's punitive damages law or, in the alternative, under the fee shifting provisions in the underlying loan documents. We review a district court's determination of state law *de novo*. *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991). In Connecticut, punitive damages "compensate the plaintiff for his injuries, and thus, are properly limited to the plaintiff's litigation expenses less taxable costs." *Berry v. Loiseau*, 614 A.2d 414, 435 (Conn. 1992). Connecticut courts look to the character of a defendant's actions to determine whether an award of punitive damages is appropriate even if the underlying claims do not usually warrant such a remedy. *See L.F. Pace & Sons, Inc. v. Travelers Indem. Co.*, 514 A.2d 766, 775–76 (Conn. 1986). When a defendant's conduct is malicious, wanton, or recklessly indifferent to the interests of others, it is within a court's discretion to award punitive damages. *Id.* Here, a jury found that Konover acted with reckless indifference and intentionally violated Wells Fargo's rights. We discern no error in the district court's award of punitive damages. We need not address the

7

district court's decision to award attorneys' fees under the fee shifting provisions in the underlying loan documents because the award of punitive damages was appropriate under Connecticut law.

We have considered Konover's remaining arguments, and find them to be without merit. The judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK