*Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Yang*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

Present:
> DENNIS JACOBS,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,

> *Plaintiff-Appellee*,

v.                                                                23-188

JESSICA YANG, AKA YANG XIAO GENG, AKA JESSICA QIAO, GREAT KINGSLAND INC., G.K EXOTIC, INC., J & J GLOBAL USA, INC.,

> *Defendants-Appellants*,

YI Q. ZHAN, AKA YI QIANG ZHAN, AKA JIMMY ZHAN, STAR MARK MANAGEMENT, INC., GREAT MARK CORPORATION, EZ FANTASY, INC., BEAUTY

LOVER EXPRESS, INC., JOHNSON STORAGE, INC, ZME
GALAXY CORP., EDMUND ZHAN,

*Defendants.*[*]

---

FOR PLAINTIFF-APPELLEE: PETER E. SVERD, Peter Sverd PLLC, New York, NY.

FOR DEFENDANTS-APPELLANTS: RONALD D. COLEMAN (Edward W. Miller and Yimin Chen, Chen & Associates, P.C., Flushing, NY, *on the brief*), Dhillon Law Group Inc., Newark, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the judgment of the district court is **AFFIRMED**.

In 2019, Plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") brought this action seeking to impose liability for a 2010 judgment on Defendants Jessica Yang, Yi Q. Zhan, Star Mark Management, Inc., Great Mark Corp., Great Kingsland, Inc., G.K. Exotic, Inc., EZ Fantasy, Inc., Beauty Lover Express, Inc., Johnson Storage, Inc., ZME Galaxy Corp., J & J Global USA, Inc., and Edmund Zhan. Both sides moved for summary judgment, and the district court granted in part and denied in part both motions. Defendants appealed the partial grant of summary judgment to Plaintiff Koon Chun, arguing that (1) the action is barred by laches and res judicata, and (2) Koon Chun's statement about Yang—that she transferred all of Star Mark's assets to Great Kingsland—is not supported by evidence.

On April 23, 2024, we remanded the case to the district court to determine whether the individual Defendants are United States citizens for the purpose of establishing alienage

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

jurisdiction. Defendant Yang ultimately refused to submit to jurisdictional discovery, and the district court drew the adverse inference that Yang is a U.S. citizen, establishing diversity jurisdiction. We now consider the merits of the original appeal and affirm the decision of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (quotation marks omitted). "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. (quotation marks omitted).

First, Defendants' argument that the case is barred by res judicata fails because Koon Chun brought different causes of action not raised in the prior suit.[1] Res judicata "provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "Provided the parties have had a full and fair opportunity to litigate the matter, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. (quotation marks omitted). In order for res judicata to apply, the

---

[1] Defendants did not raise a laches argument in their motion for summary judgment, and the district court did not address it. The argument is thus forfeited, and we focus only on Defendants' res judicata argument.

facts essential to the second suit must be present in the first suit. *See Walman v. Vill. of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000).

Res judicata does not apply here because Koon Chun brings separate successor liability and veil piercing claims that were not raised in the prior litigation. Indeed, Koon Chun could not have raised those claims in the prior suit because they address Defendants' actions in their attempt to evade Koon Chun's collection of damages and fees from the prior suit. The facts and issues are thus different from the prior proceeding. *See Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46, 51 (2d Cir. 2015) (declining to apply res judicata to bar plaintiff's veil piercing claims because "the veil piercing claims involve[d] operative facts that had not occurred, or that [plaintiff] was not aware of, at the time" of the prior litigation).

Second, Defendants argue that Koon Chun's statement about Yang is not supported by evidence. But this argument was not raised before the district court, despite being available, and Defendants offer no explanation for their failure to do so. Accordingly, we decline to exercise our discretion to consider it for the first time on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).

* * *

We have considered the remainder of Defendants' arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4