16-3322-cv
*Addona v. D'Andrea, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                   *Circuit Judges,*
           PAUL G. GARDEPHE,
                   *District Judge.*[*]

---

GIOVANNI ADDONA,

        *Plaintiff-Appellant,*          16-3322-cv

        v.

JARED D'ANDREA, CHRISTOPHER DONSTON, CHAD CONROY,

        *Defendants-Appellees,*

JOHN DOE,

        *Defendant.*

---

[*] Judge Paul G. Gardephe, United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**     JOHN R. WILLIAMS, Law Office of John R. Williams, New Haven, CT.

**FOR DEFENDANTS-APPELLEES:**     JAMES M. TALLBERG and Andrew J Glass, Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 21, 2016 judgment is **AFFIRMED**.

Plaintiff-appellant Giovanni Addona brought an action in the District Court against Jared D'Andrea, Christopher Donston, and Chad Conroy, officers in the Watertown Police Department, alleging that they used unreasonable force against him in violation of the Fourth Amendment when responding to a complaint at Addona's residence.[1] Specifically, Addona asserted that the officers "grabbed [him] roughly and slammed him against a brick wall." JA 14. The officers moved for summary judgment and the District Court granted their motion, holding that the videotape evidence from Officer Donston's department-issued body camera "directly contradict[ed] [Addona's] testimony such that no reasonable jury could believe" that the officers slammed him into a brick wall or otherwise used unreasonable force. *Addona v. D'Andrea*, No. 3:14-CV-01757 (WWE), 2016 WL 5107054, at *3 (D. Conn. Sept. 19, 2016). On appeal, Addona contends that the District Court erred in granting summary judgment to the officers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "drawing all factual inferences and resolving all ambiguities in favor of the nonmoving party." *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1535 (2d Cir. 1997). Summary judgment is appropriate "where there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001) (internal quotation marks omitted). "A 'genuine issue' exists for summary judgment purposes where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Id.* Even though "all inferences must be drawn in favor of the nonmoving party, mere speculation and conjecture is insufficient to preclude the granting of the motion." *Id.* at 499; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

---

[1] With respect to Officer D'Andrea, Addona alleges that he failed to intervene in the alleged excessive force used by Officers Donston and Conroy.

After careful review of the record, we conclude that the District Court was correct in granting summary judgment for the officers on Addona's excessive force claim on the basis of the body camera footage and other evidence in the summary judgment record. As an initial matter, the videotape evidence from Officer Donston's body camera shows the officers using little force on Addona. It shows the officers grabbing Addona's arms in order to prevent him from entering his residence.[2] It also shows the officers subsequently moving Addona to a nearby brick wall and performing a frisk. The videotape evidence does not show the officers using any other physical force against Addona. Moreover, Addona admitted during his deposition that he was not handcuffed by the police, that he did not suffer any cuts or bleeding as a result of the incident, that no officer punched or kicked him, and that no officer drew his weapon. Addona also admitted that he was not prescribed any medication as a result of the incident despite his alleged injuries, and that his mother, who was present at the time of the incident, did not remember him being slammed against a wall. The force used by the officers was not unreasonable under the circumstances and, thus, was not excessive in violation of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment" (internal quotation marks and citation omitted)); *see also Tennessee v. Garner*, 471 U.S. 1, 8 (1985) ("To determine the constitutionality of a seizure [w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." (internal quotation marks omitted)).

Nevertheless, Addona argues that the District Court erred in relying on the evidence put forth by the officers at summary judgment instead of crediting his competing account of the relevant events. We disagree. As the Supreme Court observed in *Scott v. Harris*, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." 550 U.S. 372, 380 (2007). Here, the videotape evidence and utter absence of any evidence of even the most minor injury "blatantly contradicted" Addona's version of the facts and indisputably supported the officers' descriptions. *Id.* Addona's claim that the Court's holding in *Scott v. Harris* does not apply here because the videotape evidence was altered and incomplete is unavailing. Addona offers no objective proof capable of supporting his assertion that the videotape evidence had been tampered with.

---

[2] Because we conclude that the force used was not unreasonable, there was no constitutional violation, and the District Court correctly granted summary judgment on Addona's failure to intervene claim. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

## CONCLUSION

We have considered all of the arguments raised by Addona and find them to be without merit. For the foregoing reasons, the September 21, 2016 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk