*Lugo v. City of New York*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

JORGE LUGO,

> *Plaintiff-Appellant,*

> v.                                                                   No. 18-2562

CITY OF NEW YORK, ERIC BECKEL, HORACE GILKES, KOREY NOAK, JOHN RAMOS,

> *Defendants-Appellees,*

POLICE OFFICERS JOHN DOE 1-3, NEW YORK CITY POLICE DEPARTMENT, SERGEANT BEEKLE,

> *Defendants.*\*

_____

---

\* The Clerk of Court is directed to amend the official caption in this case to conform with the caption above.

FOR APPELLANT:                              ROBERT RICKNER, ESQ., New York, N.Y.

FOR APPELLEE:                               ELLEN RAVITCH (Claude S. Platton and
                                            Jeremy W. Shweder, *on the brief*), *for*
                                            Zachary W. Carter, Corporation Counsel
                                            of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 7, 2018, is **AFFIRMED**.

Plaintiff-Appellant Jorge Lugo appeals from a jury verdict in favor of Defendants in his false arrest claim brought under 42 U.S.C. § 1983 against the City of New York, the New York City Police Department, and several police officers. Lugo was arrested while at the scene of an ongoing arrest of another individual. He was handcuffed for fifteen minutes and then released without charges. At trial, the police officers involved testified that Lugo lingered too close to the officers and the arrestee after being directed to keep his distance, thereby posing a safety risk. Lugo denied the officers' account and claimed that he was arrested because the officers mistakenly thought he was filming them. Lugo's arrest report, which notes that the arrest was voided, listed charges for disorderly conduct under N.Y. Penal Law §§ 240.20(5) and (6), which, respectively, prohibit "obstruct[ing] . . . pedestrian traffic" and "congregat[ing] with other persons in a public place and refus[ing] to comply with a lawful order of the police to disperse." The arrest report was admitted into evidence at trial.

After the close of testimony, the District Court instructed the jury that probable cause is a defense to false arrest, and directed the jury to consider whether the officers had probable cause to arrest Lugo for the two disorderly conduct offenses listed in the arrest report, as well as for obstructing governmental administration in the second degree. The latter offense involves "intentionally obstruct[ing], impair[ing] or pervert[ing] the administration of law or other governmental function or prevent[ing] or attempt[ing] to

2

prevent a public servant from performing an official function, by means of intimidation . . . or interference." *Id.* § 195.05. The District Court also instructed the jury as follows: "You need only find that defendants had probable cause to believe Lugo was committing any one of these crimes to find that his arrest had probable cause. You do not need to be unanimous on which crime provided probable cause to arrest." App'x 256.

Lugo seeks a new trial, pointing to two purported errors in the jury instructions. *First*, he challenges as without foundation the charges listing the two disorderly conduct offenses as potential bases for probable cause. *Second*, he challenges the instruction that the jurors need not be unanimous as to the specific offense for which they believed there was probable cause to arrest. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the district court's judgment.

**I**

We have held in civil cases that "[a] litigant is entitled to an instruction on a claim where that claim is supported by evidence of probative value." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *accord Harris v. O'Hare*, 770 F.3d 224, 238 (2d Cir. 2014). A party need only show that "there is some evidence supporting the theory behind the instruction so that a question of fact may be presented to the jury." *Anderson*, 17 F.3d at 557.

Here, Lugo asserts that the record evidence is insufficient to support a jury instruction on disorderly conduct. We are not persuaded. The voided arrest report listing the disorderly conduct violations was admitted into evidence. It states: "Defendant was observed obstructing pedestrian traffic and did refuse[] to obey a lawful o[r]der to move on while a/o was [e]ffecting a lawful arrest." App'x 280. The arrest report thus appears to provide at least "some evidence" supporting probable cause to arrest for disorderly conduct. *Anderson*, 17 F.3d at 557. That the arrest was voided because the officers eventually decided to release Lugo does not eliminate the report's probative value regarding the existence of probable cause at the time of the arrest.

3

Even assuming, however, that the District Court erred in instructing the jury on disorderly conduct, any such error was harmless. We deem an error harmless when the reviewing court is "sufficiently confident that the verdict was not influenced by an error in the jury charge." *Chowdhury v. Worldtel Bangl. Holding, Ltd.*, 746 F.3d 42, 50 (2d Cir. 2014). At trial, Lugo and Defendants presented starkly differing accounts of the events at issue. The verdict in favor of Defendants implies that the jury credited the officers' version over Lugo's. Thus, we can infer that the jury accepted the officers' account that Lugo entered the immediate area of the ongoing arrest after being told to keep his distance. Such conduct provides probable cause for obstructing governmental administration as defined in N.Y. Penal Law § 195.05. Accordingly, we are "sufficiently confident" that the jury would have determined that there was probable cause to arrest Lugo even without the instructions on disorderly conduct. *Id.* Delivering a jury instruction regarding disorderly conduct, even if error, was therefore harmless error.

## II

Lugo also assigns error to the district court's instruction that the jury need not be unanimous as to which predicate crime provided probable cause justifying the arrest. He argues that probable cause as to each distinct offense should be deemed a separate defense, each subject to its own unanimity requirement.

This Court has not yet decided whether a civil jury must be unanimous as to which particular crime supports the affirmative defense of probable cause. We need not reach the merits of Lugo's contention, however. Once again, even assuming that the District Court erred in delivering the unanimity charge at issue, any such error was harmless. As explained above, we can infer that the jury credited the officers' version of the events at issue over Lugo's, amply supporting a finding that the officers had probable cause to arrest him for obstruction of governmental administration.

\* \* \*

4

We have considered Lugo's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court